# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| LORNE MURPHY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY CATALUSCI,<br>TIMBERROCK CONSTRUCTION,<br>SHAWN DAHL, SARAH ALDRICH,<br>GRANITE PEAK LAW PLLC,<br>ADAM H. OWENS, NATASHA C.<br>BIVENS, FAIRWEATHER LAW<br>GROUP PLLC, LEE HULCHER, and<br>RANDY HULCHER, et al.<br><br>　　　　Defendant. | CV 2:24-00179-JTJ<br><br><br><br>**AMENDED ORDER** |

Plaintiff Lorne Murphy (Murphy) has filed a Motion for Recusal of Judge (Doc. 9) and a Second Motion to Appoint Counsel. (Doc. 10)

Murphy asserts that the undersigned must disqualify himself from this matter pursuant to 28 U.S.C. § 455. Specifically, Murphy contends that by signing an Order in 2:24-MJ-51-BU-JTJ, sealing the criminal case against Anthony Robert Catalusci until his arrest, the undersigned has reviewed and made orders on evidence that is the subject of this lawsuit and therefore the undersigned is mandated to recuse himself.

The Court's September 11, 2024, Order sealed the United States' case against

1

Catalusci until his arrest at which time that case would be unsealed. (Doc. 4 in 2:24-MJ-51-BU-JTJ) This Order was effective for one day as Catalusci was arrested on September 12, 2024. (Doc. 5 in 2:24-MJ-51-BU-JTJ) Contrary to Murphy's assertion, the Court's Order sealing and then unsealing the government's criminal case against Catalusci did not involve the undersigned reviewing evidence or making orders on evidence. Nothing about the Court's Order sealing and unsealing the government's case against Catalusci effects the undersigned's impartiality in this action in any respect, let alone in such a manner that would constitute grounds for disqualification under 28 U.S.C. § 455.

In Murphy's second request to appoint counsel (Doc. 10), she asserts that an attorney should be appointed as a reasonable accommodation for her Post Traumatic Stress Disorder (PTSD). (Doc 10-1 at pp. 1-2) However, civil litigants do not have a Sixth Amendment right to appointed counsel. *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). In limited circumstances, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). To warrant appointment of counsel under § 1915(e)(1), there must be a showing of "exceptional circumstances," which "requires an evaluation of both the likelihood of success on the merits and the ability of the [litigant] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)

(internal citations omitted). The Court finds that Murphy has not demonstrated exceptional circumstances warranting appointment of counsel.

Finally, the Court's December 9, 2024, Order required Murphy to file an Amended Complaint by December 20, 2024, providing the necessary factual detail to fully assess whether it states a claim upon which relief can be granted in compliance with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 8) The Court further advised Murphy her failure to do so would result in a recommendation that this action be dismissed. (Id.) Rather than filing an Amended Complaint in compliance with the Court's Order, Murphy filed the pending motions.

Accordingly, it is **HEREBY ORDERED**:

1. Murphy's Motion for Recusal (Doc. 9) is **DENIED.**

2. Murphy's Second Motion to Appoint Counsel (Doc. 10) is **DENIED**.

3. This action is **DISMISSED WITHOUT PREJUDICE.**

DATED this 16th day of January 2025.

Brian Morris, Chief District Judge
United States District Courts